IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raymond Thomas, #05447-050, | ) | C/A No.: 1:14-3014-RMG-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Isaac Fulwood Jr., Chairman; and US | ) | |
| Parole Commission, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Raymond Thomas, proceeding pro se and in forma pauperis, is a federal inmate incarcerated at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield"). He files the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without requiring the respondent to file an answer.

I.      Factual and Procedural Background

Petitioner pled guilty to assault with a dangerous weapon during the commission of a bank robbery in the United States District Court for the District of New Jersey, and on May 25, 1983, he was sentenced to 34 years. [Entry #1 at 3–4; Entry #1-1 at 1]. Petitioner was released on parole on December 9, 1999, and his parole termination date

was December 9, 2012. [Entry #1-1 at 1]. On October 2, 2003, Petitioner was arrested in Florida on state charges of robbery with a firearm, aggravated battery, assault, and resisting arrest. *Id.* Based on these charges, the Parole Commission issued a parole violation warrant application on December 1, 2003. [Entry #1-1]. On March 3, 2004, Petitioner was convicted in Florida state court and sentenced to ten years.[1] [Entry #1 at 14]. Petitioner states that he was released from his Florida state sentence on September 27, 2013, and that federal marshals took him to a county jail to wait for the Parole Commission to act on the parole violation warrant. *Id.* at 13. Plaintiff alleges that on October 31, 2013, a supplemental parole violation warrant or detainer issued for him. *Id.* Petitioner had a revocation hearing on April 8, 2014, and his parole was revoked on May 7, 2014. *Id.* at 8, 13. Petitioner alleges that he is being held unlawfully and requests that the court order his release from custody. *Id.* at 9.

II.    Discussion

A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a

---

[1] Petitioner does not indicate on which charges, if not all, he was convicted.

potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Petitioner argues that his due process rights were violated because the Parole Commission did not promptly hold a revocation hearing after the first federal detainer was lodged. [Entry #1 at 10–14]. Petitioner argues that if a revocation hearing had been promptly held any imprisonment imposed for the parole violation could have run concurrently with his state sentences. *Id.* at 14.

The United States Supreme Court has held that the guarantee of a prompt parole revocation hearing is inapplicable where an individual is in federal custody pursuant to a conviction and has a federal detainer lodged against him for a later revocation hearing. *See Moody v. Daggett*, 429 U.S. 78, 86–88 (1976). The *Moody* Court explained that the subsequent conviction demonstrates probable cause that a parole condition has been violated and the detainer does not immediately deprive the prisoner of liberty. *Id.* at 86 n. 7. "[T]he loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant." *Id.* at 87. Thus, there is "no constitutional duty to provide [a

parolee] an adversary parole hearing until he is taken into custody as a parole violator by execution of [a] warrant." *Id.* at 89; *see also Larson v. McKenzie,* 554 F.2d 131 (4th Cir. 1977) (holding that *Moody* controls when one state places a detainer against a prisoner in another state); *Gaddy v. Michael*, 519 F.2d 669, 674 (4th Cir. 1975) ("[W]here a warrant has been properly issued within the maximum term of the sentence, the execution of that warrant may be held in abeyance for the service of an intervening sentence.") (quotation omitted). Courts in this district have found that the holding in *Moody* also controls where, as in the instant case, a federal detainer is placed against a prisoner in state custody. *Roberts v. Myers*, C/A No. 4:11-cv-514-RBH, 2011 WL 2149978, at *2 (D.S.C. May 27, 2011).

Plaintiff's petition states that the parole violation warrant was lodged as a detainer with state authorities while he was detained, but before he was sentenced, on state criminal charges. [Entry #1 at 14]. As Petitioner was lawfully detained, the challenged detainer did not immediately deprive him of his liberty. Further, Plaintiff was not deprived of liberty after he was sentenced on state criminal charges. Petitioner fails to demonstrate a violation of his due process rights.  The petition is, therefore, subject to summary dismissal.

Additionally, the right to a hearing within a specified number of days is a statutory requirement, not a constitutional one. *Roberts v. Myers*, 2011 WL 2149978 at *3. Therefore, the proper remedy for requiring review of a detainer by the Parole Commission, in the absence of prejudice or bad faith, is a writ of mandamus and not a writ of habeas corpus. *Id.; see also Anderson v. U.S. Parole Comm'n*, C/A No. 2:02-670-

23, 2002 WL 32332182 (D.S.C. June 21, 2002) at *2; *Heath v. U.S. Parole Comm'n*, 788 F.2d 85, 89 (2nd Cir. 1986) (citing 122 Cong. Rec. S2572, 2573 (daily ed. March 2, 1976) (statement of Sen. Burdick: "If the Commission fails to act in accordance with these deadlines, the prisoner or parolee would not automatically be released from confinement, but he could compel the Commission to make their decision promptly."); *Sutherland v. McCall*, 709 F.2d 730 (D.C. Cir. 1983); and *Carlton v. Keohane*, 691 F.2d 992, 993 (11th Cir. 1982) ("In the absence of prejudice or bad faith on the part of the Commission, immediate release from custody is not available for violation of 18 U.S.C.A. § 4214(b)(1) . . . . The appropriate remedy for a default by the Commission is a writ of mandamus to compel compliance with the statute.")

III.    Conclusion and Recommendation

Accordingly, the undersigned recommends that the petition in the above-captioned case be dismissed without prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 13, 2014                          Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).