IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Raymond Thomas, #05447-050, | ) | Civil Action No. 1:14-cv-3014-RMG |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Isaac Fulwood Jr., Chairman; and US | ) | |
| Parole Commission, | ) | |
| Respondents | ) | |
| | ) | |
| | ) | |
| | ) | |

Petitioner has filed a writ of habeas corpus alleging that he is being unlawfully detained after a federal parole revocation. The Magistrate Judge assigned to the case pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC issued a Report and Recommendation ("R&R") (Dkt. No. 7) recommending that the petition be dismissed without prejudice, which the Court now adopts in whole.

<u>**Discussion**</u>

Petitioner Raymond Thomas, proceeding pro se and in forma pauperis, is a federal inmate incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. In 1983, Petitioner was sentenced to 34 years on an offense committed in New Jersey. He was released on parole in 1999 with a parole termination date of December 9, 2012. On October 2, 2003, he was arrested in Florida, and on December 1, 2003, the Parole Commission issued a parole violation warrant application. In March 2004, Petitioner was convicted and sentenced to ten years in Florida on a new offense. He was released from the Florida sentence in September, 2013, and according to the petition, a second supplemental parole violation warrant or detainer

was issued by the Parole Commission on October 31, 2013. After a revocation hearing in April 2014, parole from his 1983 sentence was revoked in May 2014. (R&R at 1-2). Petitioner alleges that he is being held unlawfully because his parole termination date, December 9, 2012, passed while he was in prison in Florida, and the subsequent parole hearing was invalid. (Dkt. No. 1 at 2). He argues that his due process rights were violated because the Parole Commission did not promptly hold a revocation hearing when he actually violated parole in 2003. (*Id.* at 10-14). He also argues that the Parole Commission failed to comply with statutorily-mandated deadlines when it delayed acting on his warrant until October 2013, and scheduled his parole hearing for April 2014. (Dkt. No. 10-14).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made.

The R&R found that pursuant to the Supreme Court's decision in *Moody v. Daggett*, 429 U.S. 78 (1976), there is "no constitutional duty to provide [a parolee] an adversary parole hearing until he is taken into custody as a parole violator by execution of [a] warrant." *Id.* at 89. Therefore, Petitioner has not been deprived of constitutional due process rights by the Parole Commission's delay in detaining him and holding a parole revocation hearing in 2014 rather than 2003. *See also Gaddy v. Michael*, 519 F.2d 669, 674 (4th Cir. 1975) ("[W]here a warrant has been properly issued within the maximum term of the sentence, the execution of that warrant may be held in abeyance for the service of an intervening sentence."). In other words, Petitioner's parole violation in 2003 subjected him to the possibility of being returned to prison

2

to serve his original sentence consecutively with the new sentence, and voided the original 2012 parole termination date.

As to the statutory deadlines raised by Petitioner, the Court agrees with the Magistrate Judge that the right to a hearing within a specified number of days is a statutory requirement, not a constitutional one, and the appropriate remedy for a default by the Commission "is a writ of mandamus to compel compliance with the statute," which would compel a prompt decision by the Commission, but would not result in release of Petitioner. (R&R at 4-5). Petitioner made no objection to this portion of the R&R, and the Court, seeing no clear error on the part of the Magistrate Judge, adopts the R&R's analysis. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Petitioner did file objections to the R&R on August 25, 2014 (Dkt. No. 10), arguing that he was denied, under the applicable statutes, his right to be heard in 2003 at a parole revocation hearing. (Dkt. No. 10). However, the law Petitioner cites reaffirms that the Parole Commission was within its rights in delaying action on his parole violation from 2003 to 2013. The Sentencing Reform Act of 1974 abolished parole for federal offenses committed after November 1, 1987, although the Parole Commissioner remained empowered to deal with parole issues for individuals who committed offenses before the Act's effective date. Under provisions which have been repealed but remain effective for thirty-one years after November 1, 1987,[1] if any parolee is alleged to have violated his parole, "[a]ny summons or warrant . . . shall be issued by the [Parole] Commission as soon as practicable after discovery of the alleged violation, except when delay is deemed necessary. Imprisonment in an institution shall not be deemed grounds for delay of such issuance, except that, **in the case of any parolee charged with a criminal**

_____

[1] *See* 18 U.S.C. 4214(b)(1); "Joint Resolution making continuing appropriations for the fiscal year 1985, and for other purposes," Pub. L. No. 98-473, 98 Stat. 1837, § 218(a).

3

offense, issuance of a summons or warrant may be suspended pending disposition of the charge." (Emphasis added) 18 U.S.C. § 4213(b).  In other words, even if Petitioner's argument is construed as a due process claim that can be properly heard by this Court, he has neither a constitutional nor a statutory ground to claim that his parole proceedings should have taken place in 2003.

## III. Conclusion

Upon review of the record and applicable law, the Court finds that the Magistrate Judge ably and properly summarized the factual and legal issues and appropriately recommended that the action should be dismissed.  For the reasons articulated by the Magistrate Judge, the habeas petition is dismissed without prejudice.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **DENIED**.

\

\

4

**IT IS SO ORDERED**.

_____
Richard M. Gergel
United States District Judge

October _l_, 2014
Charleston, South Carolina